*1000 opinion.
•Lansdon:
The issues of this proceeding will be determined in the order in which they are stated above.
Since xve hereafter hold that the petitioner and Russum & Co. were affiliated during the years 1919 and 1920, we make no decision on the first point.
For the second our determination is in favor of the petitioner. The salaries of $15,000 per year were not at that time in excess of reasonable compensation for services jierformed by competent and experienced official's devoting their whole time to the business of a great corporation. The officers receiving these salaries were especially qualified by natural ability and experience for the services devolved upon each. These men had spent from fifteen to twenty-five years in preparation for the work in which they were engaged and for the year 1919 for the first time received salaries commensurate with the services rendered. The salaries paid in each of the taxable years were no more than reasonable compensation for the services rendered.
The petitioner and Russum & Co. filed separate returns for each of the years 1919 and 1920. The respondent examined these returns, considering in connection with his examination a report of one of the agents made February 19, 1922. After 44 days spent in examining-petitioner’s books, etc., on June 28, 1924, respondent sent petitioner a 60-day letter stating that he had decided that the two companies were affiliated during both years. In October, 1925, without further evidence, he sent petitioner another 60-day letter stating that the companies Avere not affiliated during 1919 within the intent of the laAAT, and, in December, 1925, another 60-day letter stating that they were not so affiliated during 1920. From these 1925 letters, petitioner appeals, contending that they were affiliated during both years.
*1001 The stock ownership in the two companies was distributed as .follows:
[[Image here]]
This without more would not justify the conclusion that the two companies were affiliated within the requirements of section 240(b) of the Revenue Act of 1918, especially in view of the fact that the preferred stock was without voting privilege. But the “ Third,” “ Fourth ” and “ Seventh ” sections of the “ Memorandum of Agreement,” we think, justify a decision that substantially all the stock of the two corporations was owned or controlled by the same interests in the taxable years.
Except the personal debt of $432.72 due to petitioner, the questions raised on the fourth point are settled by our decision that the petitioner and Russiun & Co. were affiliated in each of the taxable years. The losses and bad debts claimed, except as noted, all resulted from intercompany transactions which must of necessity be reflected in the consolidated returns which the affiliated companies are entitled to file for each year in question here. The debt of $432.72 was ascertained to be worthless and charged off in 1920 and is a proper deduction from gross income for that year.
Reviewed by the Board.
Judgment will he entered on 20 days' notice, wider Bule 50.